# IN THE COURT OF APPEALS OF IOWA

No. 22-1104
Filed November 2, 2022

**IN THE INTEREST OF J.J., A.M., and T.T.,**
**Minor Children,**

**T.T., Father,**
      Appellant,

**C.M., Father,**
      Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.


        Two fathers appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**


        John C. Audlehelm of Audlehelm Law Office, Des Moines, for appellant father T.T.

        Jessica J. Chandler of Chandler Law Office, West Des Moines, for appellant father C.M.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Shireen Carter, Norwalk, attorney and guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Both fathers appeal the juvenile court's termination of their parental rights; we address each father's claim separately, but arrive at the same result. The terminations of these fathers' parental rights were warranted, and we affirm.

I. Father: C.M.

A.M. was born in August 2020. When the child was two months old, the mother[1] and C.M., the father, were reported to be using methamphetamine while caring for the child and her half-sibling, J.J. The father has a long history of drug use, which previously led to the termination of his parental rights to another child. DHHS[2] initiated a safety plan, and A.M. and J.J. were placed with relatives. In March 2021, after six months with limited participation in recommended treatment by the father, A.M. was formally removed from the parents' custody; the child was adjudicated a child in need of assistance (CINA) that June.

In the early stages of DHHS's involvement with the family, the father struggled to consistently engage with either inpatient or outpatient substance-abuse services. After the child's adjudication, the father was incarcerated for possession of marijuana and drug paraphernalia; he remained in jail until February 2022. He maintains he was sober while incarcerated, his longest period of sobriety during DHHS's current involvement, but relapsed and used methamphetamine and marijuana during the short gap between leaving jail and entering inpatient

---

[1] The mother is not a party to this appeal.
[2] In 2022, the Iowa legislature merged the department of human services with the department of public health into the Iowa Department of Health and Human Services (DHHS), with the transition starting July 1, 2022. *See* 2022 Iowa Acts ch. 1131 § 51.

substance-abuse treatment. Still, he successfully completed inpatient treatment in March 2022 and entered a sober living community. After five weeks there, though, he was asked to leave following a rule violation. The next day, he entered a new sober living community. He has not tested positive for substances nor shown behavioral indicators of use since entering these sober living communities.

The father had been at the second sober living facility less than three weeks at the time of the termination hearing in May. The facility did not offer any substance-abuse treatment, though it did require residents to participate in Alcoholics Anonymous (AA) or Narcotics Anonymous (NA) meetings, have an AA or NA sponsor, keep to a strict curfew, maintain employment, and pay rent. It did not allow children to stay with their parents in the facility full time, though children could stay a few nights during the week. At the time of the termination hearing, the father had six months left in his program and admitted that he could not take the child back into his full-time care until he finished it.

The father's rights were terminated pursuant to Iowa Code section 232.116(1)(h) (2022), which requires a finding, among others, that "the child cannot be returned to the child's parents . . . at the present time." DHHS reported concerns not just with the father's drug use but also his inability to maintain stable employment or stable housing.

On appeal, the father states the juvenile court should have granted him a six-month extension and that the State failed to prove the statutory grounds for termination under Iowa Code section 232.116(1)(h).[3] But, his statutory grounds

---

[3] The father also makes passing reference to the child's best interests, but does not develop this argument for our review. *See In re S.V.*, No. 22-0283, 2022 WL

argument, really, is the same as a request for a six-month extension. *See* Iowa Code § 232.117(5) (allowing a juvenile court, if it does not terminate parental rights, to enter an order under section 232.104); *see also id.* § 232.104(2)(b) (allowing the juvenile court to "enter an order pursuant to section 232.102 to continue placement of the child for an additional six months"). The father, acknowledging that he could not take the child at the time of the termination hearing, asserts that the brief delay in permanency would not harm the child. But a six-month extension is only available if the juvenile court can "make a determination the need for removal will no longer exist at the end of the extension." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005); *see also In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable.").

We are encouraged by the father's recent progress and statements that he is dedicated to his sobriety; we hope he is able to continue down this path. Still, despite substance-abuse services in the past and with this current case, the father has not been able to demonstrate an ability to remain sober without highly regulated surroundings. *See In re P.F.*, No. 15-1103, 2015 WL 5970017, at *3 (Iowa Ct. App. Oct. 14, 2015). Given the time remaining in his program, an additional six months will not alleviate this concern.

---

1236963, at *2 (Iowa Ct. App. Apr. 27, 2022) ("But the mother only makes a passing reference to [the child's best interests]. So her claim is not sufficiently developed for our review.").

Because the father has not demonstrated a six-month extension would have remedied the concerns preventing reunification, we affirm the termination of his parental rights.

II. Father: T.T.

T.T. is the father of T.T.II and J.J., born in 2018 and 2019 respectively. In this section, any references to "the father" refer to T.T. and any references to "the children" refer to J.J. and T.T.II. For background, C.M. is the mother of J.J. and, as noted before, her rights were terminated in these proceedings. K.T. is the mother of T.T.II, but her parental rights are not at issue here.

T.T.II was removed from his mother's custody in 2019 and adjudicated CINA; at that time, T.T. was incarcerated. T.T.II was eventually placed in the father's custody under DHHS supervision after his mother's rights were terminated and the CINA case remained open. The father has never been the caretaker for J.J., who was also adjudicated CINA after being removed from C.M.'s home in 2020.

In July 2021, the father tested positive for cocaine. DHHS moved to modify T.T.II's placement, and the child was removed from the father's custody. The father then missed drug tests on August 18, September 9, October 26 and 29, January 25, and February 14. In December 2021 and April 2022, he tested positive for marijuana. In his substance abuse assessment, the father did not admit to any drug use.

At the May 2022 termination hearing, DHHS social workers outlined their concerns with the father taking over the care of both children. He had not seen either child since the previous November—visits were suspended at that time

because the father was not complying with the court's recommendations for reunification.[4] This included regularly ignoring requests for drug tests, tampering with drug tests, or testing positive for marijuana. The court ordered the father to undergo a psychosocial evaluation before visits could resume. Workers testified the father had become more compliant in the weeks leading up to the termination hearing and had just recently completed the psychosocial evaluation, though he had not followed any of its recommendations.

The father's rights to the children were terminated pursuant to Iowa Code section 232.116(1)(h) and (e). Section 232.116(1)(h), as discussed above, allows for termination if, among other things, the child could not be returned to the parent at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (using the time of termination hearing as the time in question).

On appeal, the father argues that the children could have been returned to his custody at the time of the termination hearing. This argument ignores section 232.116(1)(e). *See In re D.H.*, No. 09-1187, 2009 WL 3051749, at *1 (Iowa Ct. App. Sept. 17, 2009) (acknowledging that when a parent challenges only one founded ground for termination, we may affirm termination on the unchallenged ground); *see also In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). But,

---

[4] The social worker testified that, even when visits were occurring, the father would spend whole visits criticizing the service providers rather than focusing on the children. On one occasion, the father called the police when he arrived at the supervised visit with T.T.II. The father was argumentative with workers and the police officers who arrived, so the visit was ended. T.T.II was crying and upset to the point of getting ill in the car driving away from the visit.

even if the father's rights had only been terminated under section 232.116(1)(h), there was ample evidence the children could not be returned to his custody at the time of the termination hearing. He failed to comply with recommended services or address his substance abuse. His recent efforts are a start, but far from the finish line of reunification. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (finding compliance with services on "the eve of termination, after the statutory time periods for reunification have expired" insufficient). As such, the children could not be returned to his custody at the time of the termination hearing and we affirm the termination of his parental rights.

**AFFIRMED ON BOTH APPEALS.**